UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**JOSEPH M FONTENOT**  :  **CASE NO.  2:23-CV-01320**

**VERSUS**  :  **JUDGE JAMES D. CAIN, JR.**

**FORETHOUGHT LIFE INSURANCE CO**  :  **MAGISTRATE JUDGE KAY**

## MEMORANDUM RULING

Before the Court is "Forethought Life Insurance Company's Partial Motion to Dismiss Pursuant to Rule 12(b)(6)" (Doc. 12).  Forethought moves to dismiss Plaintiff's claims of fraud and misrepresentation, and unjust enrichment claims.

## INTRODUCTION

Plaintiff purchased an Annuity on August 10, 2012. Subsequently, Plaintiff decided to surrender the Annuity. Plaintiff filed the instant lawsuit and alleges that Defendants, Adam Kelly Veron, and Forethought Life Insurance Company arbitrarily and capriciously "refused to pay Petitioner, by amicable demand, a portion of the benefits due pursuant to the terms and conditions of the investments benefits contract, namely, an interest payment of six (6%) percent of the invested funds in the total sum of $135,832.61. (Exhibit "A").[1] Petitioner asserts claims for breach of contract, fraud and misrepresentation, and unjust enrichment.[2]

---

[1] Petition for Breach of Contract and for Damages, ¶ 6, Doc. 1-1.
[2] *Id.* ¶ 9.

## RULE 12(b)(6) STANDARD

Rule 12(b)(6) allows for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund v. (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

## LAW AND ANALYSIS

Defendants maintains that Plaintiff's fraud and misrepresentation claim is prescribed and perempted under Louisiana Revised Statute 9:5606 and/or Louisiana Civil Code article § 3492 and is not pled with particularity. Therefore, the claims fail as a matter of law.

Louisiana law provides for a one-year and three-year peremptive period for all actions against insurance agents and brokers. See La. R.S. § 9:5606. Specifically, Section 9:5606 states as follows:

> No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

La. R.S. § 9:5606(A) (emphasis added).

Defendant argues that Plaintiff must have filed his lawsuit within one year of discovery of any "alleged act, omission, or neglect," but in "all events" he must have filed within three years of the "alleged act, omission, or neglect."[3] Plaintiff argues that he brought his claim within one year of knowledge of the alleged misrepresentation.

Section 9:5606's peremptive periods apply to annuities, see *Sistrunk v. Haddox*, 2020 WL 2549699, at *9 (W.D. La. May 19, 2020) and annuity companies. *See, e.g.*, *Bijeaux v. Broyles*, 88 So. 3d 523, 527, (La. App. 3 Cir. 2/8/12), *writ denied*, 2012-0970, 91 So. 3d 971 (La. 6/22/12) (affirming dismissal of John Hancock and stating "[t]he provisions of La. R.S. 9:5606 apply equally to the situation of John Hancock"); *Nungesser v. New York Life Ins. & Annuity Corp.*, 2009 WL 537199, at *3 (E.D. La. Mar. 3, 2009) (holding claims against insurer relating to alleged misrepresentations regarding amount of

---

[3] *Id.*

premium payments was "time barred by the peremptive period of La. R.S. 9:5606"); *Klein v. Am. Life & Cas. Co.*, , 858 So. 2d 527, 531 (La. App. 1 Cir. 6/27/03), *writ denied*, 857 So. 2d 497 (La. 11/7/03), and *writ denied*, 857 So. 2d 499 (La. 11/7/03) ("Because the acts of an insurance agent are generally imputable to the insurer he represents, we conclude La. R.S. 9:5606's peremptive periods apply to the claims against [the insurer] under the facts of this case."); *Fuselier v. Sciambra*, 662 So. 2d 41, 44 (La. App. 5 Cir. 9/26/95) (affirming trial court's dismissal of insurer under 9:5606 and on grounds of prescription based on claims regarding misrepresentations made in the sale of two insurance policies).

Additionally, Section 3492 sets a one-year limitation period for any fraud claim. "As a general rule, prescription begins to run from the time there is notice enough to call for inquiry about a claim, not from the time when the inquiry reveals facts or evidence sufficient to prove the claim." *Terrel v. Perkins*, 704 So. 2d 35, 39 (La. App. 1 Cir. 11/7/97). In this regard, "a plaintiff will be deemed to know what he could have learned by reasonable diligence, and *contra non valentem* will not apply to except the plaintiff's claim from the running of prescription if his ignorance is attributable to his own willfulness or neglect." *Id.*

The sale of the Annuity occurred in 2012. Plaintiff acknowledged that he received a copy of the Policy in August 2012.[4] Defendant argues that Plaintiff cannot allege a viable fraud and misrepresentation claim once he had a copy of the terms of the Annuity and any associated documents. To be sure, a plaintiff "cannot prove justifiable reliance on the

---

[4] Doc. 1-2.

alleged misrepresentations made by [an] insurance agent[ ] in light of [the plaintiff's] possession of clearly worded contract terms to the contrary." *Dobson v. Allstate Ins. Co.*, 2006 WL 2078423, at *12 (E.D. La. July 21, 2006). Consequently, Plaintiff was on notice of any alleged fraud and misrepresentations as of August 2012 when he received a copy of the Annuity (at which time he also signed the Disclosure Statement). See *Dupont Bldg., Inc. v. Wright & Percy Ins.*, 88 So. 3d 1263, 1266 (La. App. 3 Cir. April 4, 2012) ("Under Louisiana law, an insured has a duty to read his insurance policy and know its provisions.").

Numerous Louisiana courts have held that an insured is on notice of any alleged misrepresentation made regarding the sale of a policy, and the prescriptive period begins to run, as soon as an insured receives a copy of the policy. See also *Shermohmad v. Ebrahimi*, 945 So. 2d 119, 122 (La. App. 5 Cir. 10/31/06) (affirming trial court's ruling that claims based on alleged misrepresentations made in connection with sale of life insurance policy were prescribed and holding that prescriptive period began to run for misrepresentation claim "upon delivery" of the policies); *Cerullo v. Heisser*, 213 So. 3d 1232, 1237 (La. App. 5 Cir. 2/8/17), (noting that the "prescription began to accrue upon delivery of the policies to the plaintiff"); *Halmekangas v. ANPAC Louisiana Ins. Co.*, 95 So. 3d 1192, 1199 (La. App. 4 Cir. 6/8/12) (holding that "insured is deemed to know the policy contents" when it is received and insured was deemed to have notice of claim when policy was received); *Nungesser v. New York Life Ins. & Annuity Corp.*, 2009 WL 537199, at *2 (E.D. La. Mar. 3, 2009) (holding that prescriptive period began to run when illustration was delivered to plaintiff).

As to Plaintiff's fraud claims, Rule 9(b) of the Federal Rules of Civil Procedure require that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "Fifth Circuit precedent interprets Rule 9 to require the plaintiff to 'specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.'" *Sollberger v. Humphries*, No. CV 23-1023, 2023 WL 6065154, at *4 (E.D. La. Sept. 18, 2023) (quoting *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997)).

Defendant also argues that Plaintiff's complaint fails to identify the who, what, when, and where fraudulent statements were made. The Court has reviewed the Complaint and finds that at best it only alleges conclusory allegations of fraud. As such, Plaintiff's claim of fraud must be dismissed for lack of particularity and because this lawsuit was filed in August 2023, Plaintiff's fraud and misrepresentation claims are prescribed.

Defendants also move to dismiss Plaintiff's claims of unjust enrichment. "In order to successfully invoke an action for unjust enrichment, a plaintiff must satisfy five prerequisites: (1) an enrichment, (2) an impoverishment, (3) a connection between the enrichment and the impoverishment, (4) an absence of justification or cause for the enrichment and the impoverishment, and (5) no other remedy at law available to the impoverishee." *Dorsey v. N. Life Ins. Co.*, 2005 WL 2036738, at *21 (E.D. La. Aug. 15, 2005).

Here, Defendant argues that Plaintiff fails to show the absence of any remedy at law due to his breach of contract claim. *See Dorsey*, 2005 WL 2036738, at *22; *Morphy,*

*Makofsky & Masson, Inc. v. Canal Place 2000*, 538 So. 2d 569, 572 (La. 1989) ("[T]he existence of a claim on an express or implied contract precludes application of [unjust enrichment], for there does not exist one of the latter's requirements, that there be no other remedy available at law ...."); *U.S. Alliance Grp., Inc. v. Cardtronics USA, Inc.*, 2022 WL 266995, at *12 (E.D. La. Jan. 28, 2022) (granting motion to dismiss unjust enrichment claim and holding that "[b]ecause plaintiff has alleged the existence of a contractual remedy, it is precluded from maintaining a cause of action for unjust enrichment."); *Bethea v. St. Paul Guardian Ins. Co.*, 2003 WL 21105099, at *6 (E.D. La. May 12, 2003) ("First, as there is a contract between plaintiffs and St. Paul, a claim for unjust enrichment does not lie."). Because Plaintiff has asserted a claim for breach of contract, he is precluded from also asserting a cause of action for unjust enrichment.

## CONCLUSION

For the reasons set forth herein, the Court will grant Forethought Life Insurance Company's Partial Motion to Dismiss Pursuant to Rule 12(b)(6)" (Doc. 12) and dismiss with prejudice Plaintiff's claims for misrepresentation and fraud, and unjust enrichment.

**THUS DONE AND SIGNED** in Chambers on this 24th day of January, 2024.

_____
**JAMES D. CAIN, JR.**
**UNITED STATE DISTRICT JUDGE**