UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **JOSEPH M FONTENOT** | **CASE NO. 2:23-CV-01320** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **FORETHOUGHT LIFE INSURANCE CO** | **MAGISTRATE JUDGE LEBLANC** |

**MEMORANDUM RULING**

Before the Court is "Adam Kelly Veron's and Asset Planning & Consulting, LLC's Motion and to Dismiss Under Rule 12(b)(6)" (Doc. 26), wherein Defendant adopts Forethought Life Insurance Company's ". . . Partial Motion to Dismiss Pursuant to Rule 12(b)(6)" (Doc. 12), which sought to dismiss Plaintiff, Joseph M. Fontenot's claims of misrepresentation and unjust enrichment. On January 24, 2024, this Court issued a Memorandum Ruling and Judgment granting Forethought's Motion dismissing these claims with prejudice.[1]

In the instant Motion, Defendants, Adam Kelly Veron and Asset Planning & Consultant, LLC ("APC") also move to dismiss Plaintiff's claims of fraud and misrepresentation for the same reasons asserted by Forethought, as well as Plaintiff's claims of unjust enrichment and breach of contract. In his response, Plaintiff filed a "Motion and Order to Dismiss with Prejudice Motion to Remand Plaintiff's Opposition to Motion to Dismiss."[2] Plaintiff, through counsel, states in his brief that he is a resident of

---

[1] Docs. 19 and 20.
[2] Doc. 30.

Louisiana and thus argues that there is no diversity between himself and Defendants, Adam K. Veron and APC. Plaintiff also concedes that "Forethough [sic] Life Insurance paid their contractual amounts owed to Plaintiff."[3]

Additionally, the parties have filed a "Joint Stipulation of Dismissal with Prejudice" (Doc. 34) dismissing Forethought Life Insurance Company ("Forethought") with prejudice. That Motion was granted dismissing Forethought with prejudice.[4]

## BACKGROUND

On August 10, 2012, Plaintiff, Joseph M. Fontenot purchased, and Forethought issued an Annuity through the agency services of Defendants, Adam Veron and APC. Fontenot surrendered the Annuity but sought an additional $135,832.61 in interest payments. Defendants argue that the sought after interest payments were in contravention of the terms of the Annuity,[5] and that the Annuity does not provide for these additional interest payments.

In addition to filing suit against Forethought, Fontenot also filed suit against Veron and APC alleging misrepresentation of the Annuity contract, fraud, unjust enrichment and breach of contract.

## JURISDICTION

The bases for jurisdiction in this matter is complete diversity of citizenship pursuant to 28 U.S.C. § 1332.[6] In his "Petition for Breach of Contract and for Damages,"[7] Plaintiff

---

[3] Doc. 30, p. 2.
[4] Doc. 35.
[5] See Petition, Doc. 1-1 and 1-3.
[6] See Notice of Removal. Doc. 1, ¶ 5.
[7] Doc. 1-1.

asserts that he is a resident of and domiciled in the state of Texas with a mailing address of 3530 Whippoorwhill, Orange, Texas.[8] Plaintiff further asserts that Defendants, Adam Kelly Veron and Asset Planning & Consulting, LLC are Louisiana residents.[9] As such, there is complete diversity of jurisdiction. Thus, the Court finds no basis to grant Plaintiff's Motion to Remand.

### **RULE 12(b)(6) STANDARD**

Rule 12(b)(6) allows for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success

---

[8] *Id.* ¶ 1.
[9] *Id.* ¶ 2.

but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund v. (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

## LAW AND ANALYSIS

Defendants move to dismiss the instant lawsuit because (1) Plaintiff's claims are perempted or prescribed, (2) the contractual claim cannot be asserted against Veron or APC, (3) the allegations of fraud were not properly plead with particularity, and contradict the terms of the Annuity, and (4) the unjust enrichment claims fail because the it is based on the same underlying conduct that forms the basis of the breach of contract claims, thus barring this claim.

*Prescription*

When a court has subject matter jurisdiction based on diversity of citizenship, as here, the substantive laws of the forum state must be applied. *Stringer v. Remington Arms Co., L.L.C.*, 52 F.4th 660, 661 (5th Cir. 2022) (*citing Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S. Ct. 817 (1938)). "Under the Erie doctrine, statutes of limitations are 'substantive,' so we apply 'the statute of limitations that the forum state would apply.' *Id.*

Defendants argue that Plaintiff's claims are prescribed and perempted under Louisiana Civil Code article 3492 and Louisiana Revised Statute § 9:5606 because they are based on conduct alleged to have occurred eleven years ago. Actions against insurance agents and brokers are perempted under Louisiana law by a one-year/three-year peremptive period. Plaintiff argues that the prescriptive period commenced when he surrendered the Annuity.

Specifically,

> No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

Louisiana Revised Statute § 9:5606. This peremptive bar applies whether the claims are based in tort, contract, and other actions for damages, but not fraud. *Id.* "[N]othing may interfere with the running of the peremptive period[,]" which may not be interrupted, suspended, or renounced. *Reeder v. North*, 701 So.2d 1291, 1298 (La. 10/21/97). Section 9:5606 applies to sales of annuities by agents such as Veron and APC. *Sistrunk v. Haddox*, 2020 U.S.Dist. LEXIS 88178, at *27 (W.D. La. May 19, 2020); *Klein v. Am. Life & Cas. Co.*, 858 So.2d 527, 531 (La. App. 1 Cir. 06/27/03) *writ denied,* 857 So.2d 497 (La. 11/7/03).

Additionally, Louisiana Civil Code Article 3492 establishes a one-year prescriptive period for any fraud claim. "As a general rule, prescription begins to run from the time there is notice enough to call for inquiry about a claim, not from the time when the inquiry reveals facts or evidence sufficient to prove the claim." *Terrel v. Perkins*, 704 So.2d 35, 39 (La. App. 1 Cir. 11/07/97). "[A] plaintiff will be deemed to know what he could have learned by reasonable diligence, and *contra non valentum* will not apply to except plaintiff's claim from the running of prescription if his ignorance is attributable to his own willfulness or neglect." *Id.*

Defendants argue that Plaintiff's claims of misrepresentation and fraudulent statements prescribed in August 2013. Plaintiff signed a Policy Delivery Receipt acknowledging delivery of the Annuity in August 2012.[10] Defendants argue that to the extent that Veron or APC made any misrepresentations to Plaintiff regarding the terms of the Annuity as to payment upon surrender, Plaintiff was on notice of same when he received a copy of the Annuity that included all terms and conditions for payment in August of 2012, and the Disclosure Statement on April 19, 2012.

"Under Louisiana law, an insured has a duty to read his insurance policy and know its provisions." *Dupont Bldg., Inc. v. Wright & Percy Ins.*, (La. App. 3 Cir. 04/04/12), 88 So.3d 1263, 1266; *Fidelity Homestead Ass'n v. Hanover Ins. Co.*, 458 F.Supp.2d 276, 280 (E.D.La. 2006). An insured is on notice of any alleged misrepresentations made about the sale of a policy when the insured receives a copy of the policy. See *Shermohmad v. Ebrahimi*, 945 So. 2d 119, 122 (La. App. 5 Cir. 10/31/06) (holding prescriptive period began to run on delivery of the policy); *Cerullo v. Heisser*, (La. App. 5 Cir. 2/8/17); 213 So.3d 1232, 1237 (prescription with respect to misrepresentations began to accrue upon delivery of the policies); *Halmekangas v. ANPAC La. Ins. Co.*, 2011-1293 (La. App. 4 Cir. 06/08/12); 95 So. 3d 1192, 1199 ("The insured is deemed to know the policy contents."); *Nungesser v. N.Y. Life Ins. & Annuity Corp.*, 2009 U.S. Dist. LEXIS 19008, at *6 (E.D. La. Mar. 3, 2009) (prescriptive period began to run when policy illustration was delivered to plaintiff, which was enough to excite the attention and lead to a reasonable inquiry).

---

[10] Doc. 1-2.

A plaintiff "cannot prove justifiable reliance on the alleged misrepresentations made by [an] insurance agent[ ] in light of [the plaintiff's] possession of clearly worded contract terms to the contrary." *Dobson v. Allstate Ins. Co.*, 2006 WL 2078423, at *12 (E.D. La. July 21, 2006). The Court agrees with Defendants that Plaintiff's claims of misrepresentation and fraud are prescribed.

*Failure to state a claim*

Despite Plaintiff's fraud claim being prescribed, it also fails the particularity requirement. Rule 9(b) of the Federal Rules of Civil Procedure require that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "Fifth Circuit precedent interprets Rule 9 to require the plaintiff to 'specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.'" *Sollberger v. Humphries*, No. CV 23-1023, 2023 WL 6065154, at *4 (E.D. La. Sept. 18, 2023) (quoting *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997)). Plaintiff has failed to identify the who, what, when, and where the fraudulent statements were made. Therefore, the Court finds that Plaintiff has failed to state a claim as to his fraud claims.

Defendants also move to dismiss Plaintiff's claims of unjust enrichment. "In order to successfully invoke an action for unjust enrichment, a plaintiff must satisfy five prerequisites: (1) an enrichment, (2) an impoverishment, (3) a connection between the enrichment and the impoverishment, (4) an absence of justification or cause for the enrichment and the impoverishment, and (5) no other remedy at law available to the

impoverishee." *Dorsey v. N. Life Ins. Co.*, 2005 WL 2036738, at *21 (E.D. La. Aug. 15, 2005). Here, Plaintiff has failed to allege any enrichment enjoyed by Defendants,[11] or that Plaintiff suffered an impoverishment considering the terms of the Annuity did not provide for the six (6%) interest payment. Plaintiff has also failed to allege a connection between the enrichment and the impoverishment, and that there is no other remedy at law available. Thus, Plaintiff's has failed to state a claim for unjust enrichment.

As to Plaintiff's breach of contract claim against Veron and APC, neither Veron, nor APC were parties to the Annuity but only acted as agents for Forethought. As such, Plaintiff's breach of contract claim will likewise be dismissed.

## **CONCLUSION**

For the reasons explained herein, the Court will grant Adam Kelly Veron's and Asset Planning & Consulting, LLC's Motion and to Dismiss Under Rule 12(b)(6) (Doc. 26) and dismiss with prejudice Plaintiff's claims of misrepresentation, fraud, unjust enrichment, and breach of contract against these Defendants. The Court will deny Plaintiff's Motion to Remand (Doc. 30).

**THUS DONE AND SIGNED** in Chambers on this 31st day of May, 2024.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[11] The Court has reviewed the Petition (Doc. 1-1) and has determined that Plaintiff does not allege that Veron of APC were enriched by a commission or otherwise to support a claim for unjust enrichment.